In re Petition for DISCIPLINARY ACTION AGAINST Mark E.N. SMITH, an Attorney at Law of the State of Minnesota.

No. C5–87–941.

Supreme Court of Minnesota.

Nov. 6, 1987.

## ORDER

AMDAHL, Chief Justice.

The Director of Minnesota Lawyers Professional Responsibility initially filed a petition with this court alleging that the respondent Mark E.N. Smith had been guilty of unprofessional conduct in the practice of law. The respondent interposed an answer to that petition. Later the Director filed a supplementary petition alleging additional violations of respondent's obligations as a lawyer. After the filing of the supplemental petition, the respondent and the Director entered into a stipulation which provided: (1) that the respondent withdrew his answer to the original petition dated May 15, 1987; (2) that the respondent waived his right to answer the supplemental petition; that respondent unconditionally admitted the allegations in both the initial petition and the supplemental petition; and that respondent waived all his rights granted him by Rule 14 of the Rules on Lawyers Professional Responsibility. In the stipulation the respondent admits that in 1986 while representing a client in a lawsuit he failed to comply with court orders regarding discovery resulting in the entry of a judgment by default against his client; that from time to time he has comingled personal and business funds in his trust account and failed to keep adequate books and records; and that he has failed to respond to numerous communications from the Hennepin County District Ethics Committee and the Office of the Director of Lawyers Professional Responsibility, all in violation on the Rules of Lawyers Professional Responsibility heretofore promulgated by this court. In the stipulation the Director and respondent recommend that the appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, would include indefinite suspension, but with a limited exception and upon certain agreed upon conditions, as well as payment of $750 in costs pursuant to Rule 24(a), Rules on Lawyers Professional Responsibility.

Based upon the petition, the supplementary petition and the stipulation, the court NOW ORDERS:

1. The respondent Mark E.N. Smith is hereby indefinitely suspended from the practice of law in Minnesota in any capacity with the exception that he may continue to act as attorney for Smith Jones, Inc., Golden Valley, and Benefits Incorporated, Minneapolis, and may represent companies wholly owned by Smith Jones, Inc., those companies having knowledge of respondent's suspension, agreeing to continue him as counsel.

2. Respondent shall forthwith pay $750 in costs pursuant to Rule 24(a), Rules on Lawyers Professional Responsibility.

3. Upon proper application, the Director may authorize respondent to act as attorney for companies associated with, or partially owned by, Smith Jones, Inc. after those companies have been fully informed of respondent's general suspension from the practice of law.

4. Respondent may apply to this court for reinstatement at any time provided that he complies with all of the requirements of Rule 18, Rules on Lawyers Professional Responsibility. In any application for reinstatement or a hearing thereon, the respondent shall bear the burden of proving by clear and convincing evidence that he is psychologically fit to resume the general practice of law.

SCOTT, J., took no part in the consideration or decision of this matter.